**Exhibit A**

**Declaration of Ashley Wilmes**

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION**

| | | |
|---|---|---|
| COMMONWEALTH OF KENTUCKY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:23-CV-00007-GFVT |
| UNITED STATES ENVIRONMENTAL | ) | (consolidated with Case No. |
| PROTECTION AGENCY, *et al.*, | ) | 3:23-CV-00008-GFVT) |
| | ) | |
| Defendants. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| KENTUCKY RESOURCES COUNCIL, | ) | |
| INC. *et al*., | ) | |
| | ) | |
| Applicant-Intervenor-Defendants | ) | |
| | ) | |
| _____ | ) | |

**DECLARATION OF ASHLEY WILMES**

I, Ashley Wilmes, make the following declaration:

1.      This declaration is based on my personal knowledge, information, and belief.

2.      I am a resident of Lexington, Kentucky. I am over the age of eighteen and suffer from no legal incapacity.

3.      I am the Executive Director and an employee of the Kentucky Resources Council, Inc. ("Council"). I began working for the Council in 2021. I am responsible for all daily operations and serve as in-house counsel for the organization.

4.      I hold a law degree from the University of Oregon School of Law, with a specialty certificate in Environmental and Natural Resources Law. Prior to working for the Council, I represented organizations across the country on environmental matters and

1

have argued cases before the United States Courts of Appeals for the Ninth and Tenth Circuits. I am a former Chair of the Environmental Law Section of the Kentucky Bar Association.

5.      The Council is a statewide public-interest conservation, environmental law, and advocacy organization with more than 600 members. We are a non-profit organization incorporated under the laws of the Commonwealth of Kentucky and in good standing.

6.      The Council's mission is to protect Kentucky's land, air, water, and communities from pollution and environmental damage. Since we were founded in 1984, a core part of the Council's work has been protecting Kentucky's natural places and water resources. Across the Commonwealth, the Council works to protect the public from environmental health threats; monitors and educates the public on proposed permitting actions, including Kentucky Pollution Discharge Elimination System permits for discharges into "waters of the United States;" and advocates for strong, clear, and protective state and federal regulations and legislation.

7.      The Council actively works on behalf of its members and clients to ensure the protection of wetlands, streams, and other critical water resources across the Commonwealth. Our successes over the past several decades include improving groundwater protections during mining operations by reforming the mine permitting process, and strengthening Kentucky's water quality standards. The Council has also successfully opposed a proposal to build a high dam on the Kentucky River; protected farmers and farmland in Pendleton County from inundation by a proposed dam; helped facilitate designation of the Red River Gorge as a federal Wild and Scenic River; petitioned to set aside the water supplies for the cities of Pineville and Middlesboro, Kentucky as off-limits to coal mining; and successfully challenged regulatory changes that would have weakened Kentucky's state water quality

standards.

8.     For decades, the Council has also provided free legal assistance to neighborhoods and community groups working to protect Kentucky's watersheds from development projects, pollution, and degradation, including Looney Creek, Cranks Creek, Coles Branch, Licking River, Floyds Fork, Beargrass Creek, Salt River, Okolona's "great wet woods" wetlands, and Wolfpen Branch, to name just a few.

9.     The Kentucky Resources Council is comprised of members who share a common belief in protection of environmental quality and advancement of environmental justice and health. Where necessary to protect against pollution and degradation of Kentucky's environment, including its streams, rivers, wetlands, floodplains, and lakes, the Council brings suit on behalf of its members. The Council also provides *pro bono* legal representation for individuals and community organizations who cannot find or afford representation, and where significant environmental issues are concerned.

10.     For example, the Council currently represents the Isaac W. Bernheim Foundation, owner and manager of the Bernheim Arboretum and Research Forest ("Bernheim Forest") in their years-long efforts to prevent Louisville Gas & Electric ("LG&E") from taking part of their property for a new 12-mile natural gas pipeline in Bullitt County, Kentucky. Bernheim Forest is the largest privately held forest dedicated to conservation and education in the eastern United States and has miles of intermittent and ephemeral streams that are critical to the health of the forest, its wildlife, and ecosystem. Construction of the pipeline would remove acres of forest, impact numerous streams, and eliminate habitat for federally-protected bats.  Under the now-vacated Navigable Waters Protection Rule, the Approved Jurisdictional Determination ("AJD") issued by the U.S. Army Corps of Engineers for this pipeline project

excluded as non-jurisdictional more than 3000 feet of ephemeral streams (i.e., streams that flow following precipitation) that previously had been considered jurisdictional and which would be impacted by the project.

11. Ephemeral and intermittent streams in Bernheim Forest are important to the biodiversity of the Forest, as they serve as reproductive habitat for many amphibians, including the four-toed salamander and wood frog. These species are integral for the health and function of the Forest's upland wetland habitats. Populations of amphibians have encountered steep declines in the region from impacts to aquatic habitat. Destruction or degradation of these wetlands and streams will harm amphibians, federally-protected bats (including the Indiana Bat) who feed on insects in these streams, and other species. Destruction or degradation of these streams will also likely increase flooding and degrade water quality in other waterways in Bernheim Forest.

12. We represented the Bernheim Foundation in their challenge to Kentucky's Water Quality Certification for this project under Section 401 of the Clean Water Act, in part due to the Commonwealth's failure to require the applicant to include state water protections for these important ephemeral stream reaches. I understand that the parties challenging the "Revised Definition of 'Waters of the United States'" rule ("2023 Rule") are asking this Court to vacate the rule and to limit the protections for clean water that the rule provides. Vacation of the 2023 Rule would again imperil these streams in Bernheim Forest and others across the Commonwealth that have now received restored protection as waters of the United States.

13. A narrowing of the scope of WOTUS, as is sought by Plaintiffs in this case, would impose additional costs and burdens on the Council in its efforts to protect water resources and water quality in the Commonwealth, particularly in communities affected by

resource extraction occurring in the headwaters of river and stream systems. The Council has numerous members who have taken action to support a strong Clean Water Act and strong federal protections for our nation's waters. These members, our employees, and many of the clients that we represent, use and enjoy streams, wetlands, and other water bodies that will be at risk of pollution, destruction, or degradation if this Court issues an order limiting the clean water protections provided by the 2023 Rule. Their use and enjoyment of these waterways is threatened by the relief sought by Plaintiffs in this case.

14.     For example, the Council's member David Wicks has spent the past 40 years working to educate others about the conservation of Kentucky's water resources, through education and recreation. He regularly paddles and takes canoe trips on rivers and streams across the Commonwealth and on the Ohio River. He paddles on Beargrass Creek several times per month.  His recreational and conservation interests in the Beargrass Creek watershed may be impacted if protections for clean water that the 2023 Rule are limited, and its headwaters, wetlands, and intermittent tributaries are not protected.

15.     According to the Louisville Metropolitan Sewer District, Middle Fork Beargrass Creek flows for approximately 14 miles from its headwaters to its confluence with South Fork Beargrass Creek. Including the Middle Fork mainstem, there are approximately 61 miles of perennial and intermittent streams and tributaries within the Middle Fork Beargrass Creek watershed. According to the National Wetland Inventory, there are four classifications of wetlands identified in the Middle Fork Beargrass Creek watershed: freshwater emergent, freshwater forested/shrub, freshwater ponds and riverine. Protection of these wetlands and headwaters is critically important to ensure both consistent flow and the water quality of Beargrass Creek, including sections where Mr. Wicks regularly paddles and recreates.

16.     The Council's member Andrew Berry also uses and enjoy streams and other water bodies that will be at risk of pollution, destruction, or degradation if this Court issues an order limiting the clean water protections provided by the 2023 Rule, including those in Bernheim Arboretum and Research Forest.

17.     Mr. Berry regularly walks and enjoys the Forest. He cares deeply about the protection and resiliency of Bernheim Forest and its water resources, in both a personal and professional capacity.  His recreational and conservation interests in Bernheim Forest, its waterways, and the species that inhabit them may be impacted if protections for clean water that the 2023 Rule are limited, and its headwaters, wetlands, and intermittent tributaries are not protected.

18.     Upholding the 2023 Rule and the federal agencies' authority to protect critical headwater streams, other tributaries, and wetlands that sustain Kentucky's vibrant aquatic ecosystems, wildlife habitat, and support public health and healthy communities, will address concerns of the Kentucky Resource Council and our members.


Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on March 2, 2023.


_Ashley Wilmes_____
Ashley Wilmes