**Proposed Answer and Defenses**

Commonwealth of Kentucky v. United States Environmental
Protection Agency, *et al*., 3:23:cv-00007

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION**

| | | |
|---|---|---|
| COMMONWEALTH OF KENTUCKY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:23-cv-00007-GFVT |
| UNITED STATES ENVIRONMENTAL | ) | (consolidated with No. |
| PROTECTION AGENCY, *et al.*, | ) | 3:23-cv-00008-GFVT) |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| KENTUCKY RESOURCES COUNCIL, | ) | |
| INC., *et al.*, | ) | |
| | ) | |
| Applicant-Intervenor-Defendants. | ) | |
| | ) | |

**[PROPOSED] ANSWER AND DEFENSES**

Applicant-Intervenor-Defendants Kentucky Resources Council, Inc., National Wildlife

Federation, Florida Wildlife Federation, North Carolina Wildlife Federation, South Carolina

Wildlife Federation, Tennessee Wildlife Federation, Izaak Walton League of America, and

Minnesota Division of the Izaak Walton League of America (collectively, the "Conservation

Groups") respectfully submit this Proposed Answer to the Complaint filed on February 22, 2023,

by the Commonwealth of Kentucky. Pursuant to Fed. R. Civ. P. 24(c), this Answer is submitted

concurrently with the Conservation Groups' Motion to Intervene.

1.      The Conservation Groups admit that this case involves a rule entitled *Revised

Definition of "Waters of the United States*," 88 Fed. Reg. 3004 (Jan. 18, 2023) ("Final Rule").

1

The Conservation Groups deny Plaintiff's characterization of the Final Rule and all other factual allegations in Paragraph 1 and deny that Plaintiff is entitled to the relief sought.

2.      Paragraph 2 characterizes the Clean Water Act and Supreme Court decisions, which speak for themselves and are the best evidence of their content. The Conservation Groups deny any characterization inconsistent therewith.

3.      The Conservation Groups admit that Administrator Regan and Assistant Secretary Connor signed the Final Rule on December 29, 2022 and December 28, 2022, and that the Final Rule was published in the Federal Register at 88 Fed. Reg. 3004 on January 18, 2023. The Conservation Groups deny Plaintiff's characterization of the Final Rule and all other factual allegations in Paragraph 3.

4.      Paragraph 4 contains legal conclusions to which no response is required. To the extent a response is required, the Conservation Groups deny the allegations in Paragraph 4.

5.      Paragraph 5 contains legal conclusions to which no response is required. To the extent a response is required, the Conservation Groups deny the allegations in Paragraph 5.

6.      The Conservation Groups deny the allegations in Paragraph 6.

7.      The Conservation Groups deny the allegations in Paragraph 7 and deny that Plaintiff is entitled to the relief sought.

**RESPONSE TO ALLEGATIONS REGARDING "THE PARTIES"**

8.      The Conservation Groups admit the first sentence contained in Paragraph 8. The Conservation Groups lack knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations in Paragraph 8.

9.      The Conservation Groups admit the allegations in Paragraph 9.

10.     The Conservation Groups admit the allegations in Paragraph 10.

11.     The Conservation Groups admit the allegations in Paragraph 11.

12.     The Conservation Groups admit the allegations in Paragraph 12.

13.     The Conservation Groups admit the allegations in Paragraph 13.

**RESPONSE TO ALLEGATIONS REGARDING "JURISDICTION AND VENUE"**

14.     Paragraph 14 contains legal conclusions to which no response is required.

15.     Paragraph 15 contains legal conclusions to which no response is required.

16.     Paragraph 16 contains legal conclusions to which no response is required but the Conservation Groups deny that Plaintiff is entitled to any of the relief requested.

17.     Paragraph 17 contains legal conclusions to which no response is required.

18.     Paragraph 18 contains legal conclusions to which no response is required.

**RESPONSE TO "FACTUAL ALLEGATIONS"**

19.     Paragraph 19 characterizes the Clean Water Act, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

20.     Paragraph 20 characterizes the Clean Water Act, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

21.     Paragraph 21 characterizes the Clean Water Act, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

22.     Paragraph 22 contains legal conclusions to which no response is required. To the extent a response is required, the cited code sections speak for themselves and are the best

evidence of their content. The Conservation Groups deny any characterization inconsistent therewith.

23.     Paragraph 23 characterizes the Clean Water Act, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

24.     Paragraph 24 characterizes the Clean Water Act, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

25.     Paragraph 25 contains legal conclusions to which no response is required. To the extent a response is required, Paragraph 25 characterizes the Clean Water Act and federal regulations, which speak for themselves and are the best evidence of their content. The Conservation Groups deny any characterization inconsistent therewith.

26.     Paragraph 26 contains legal conclusions to which no response is required. To the extent a response is required, Paragraph 26 characterizes the Clean Water Act and federal regulations, which speak for themselves and are the best evidence of their content. The Conservation Groups deny any characterization inconsistent therewith.

27.     Paragraph 27 contains legal conclusions to which no response is required. To the extent a response is required, the remaining allegations characterize the Clean Water Act and state regulations, which speak for themselves and are the best evidence of their content. The Conservation Groups deny any characterization inconsistent therewith.

28.     The Conservation Groups deny the allegations in Paragraph 28.

29.     Paragraph 29 contains legal conclusions to which no response is required. To the extent a response is required, Paragraph 29 characterizes the Clean Water Act, federal

regulations, and a Supreme Court decision, which speak for themselves and are the best evidence of their content. The Conservation Groups deny any characterization inconsistent therewith.

30.     Paragraph 30 contains legal conclusions to which no response is required. To the extent a response is required, Paragraph 30 characterizes the Clean Water Act, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

31.     Paragraph 31 contains legal conclusions to which no response is required. To the extent a response is required, Paragraph 31 characterizes a Supreme Court decision, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

32.     Paragraph 32 characterizes the rule cited therein, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

33.     Paragraph 33 characterizes a federal judicial decision and the regulations cited therein, which speak for themselves and are the best evidence of their content. The Conservation Groups deny any characterization inconsistent therewith.

34.     Paragraph 34 characterizes a Supreme Court decision, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

35.     Paragraph 35 characterizes the rules and the regulations cited therein, which speak for themselves and are the best evidence of their content. The Conservation Groups deny any characterization inconsistent therewith.

36.     Paragraph 36 characterizes a Supreme Court decision, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

37.     Paragraph 37 characterizes a Supreme Court decision, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

38.     Paragraph 38 characterizes a Supreme Court decision, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

39.     Paragraph 39 characterizes a Supreme Court decision, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

40.     Paragraph 40 characterizes a Supreme Court decision, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

41.     Paragraph 41 characterizes a Supreme Court decision, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

42.     The Conservation Groups admit that the Supreme Court heard oral argument in *Sackett v. EPA* on October 3, 2022 and admit that the Agencies promulgated the final rule before the Court issued a decision.

43.     Paragraph 43 characterizes the rules and the regulations cited therein, which speak for themselves and are the best evidence of their content. The Conservation Groups deny any characterization inconsistent therewith.

44.     Paragraph 44 characterizes the guidance document and a Supreme Court case cited therein, which speak for themselves and are the best evidence of their content. The Conservation Groups deny any characterization inconsistent therewith.

45.     Paragraph 45 characterizes the 2015 Clean Water Rule, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

46.     The Conservation Groups admit the allegations contained in the first sentence of Paragraph 46. The remaining allegations characterize the federal judicial decisions cited therein, which speak for themselves and are the best evidence of their content. The Conservation Groups deny any characterization inconsistent therewith.

47.     Paragraph 47 characterizes the federal judicial decisions cited therein, which speak for themselves and are the best evidence of their content. The Conservation Groups deny any characterization inconsistent therewith.

48.     Paragraph 48 characterizes the 2019 Definition of "Waters of the United States," which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

49.     The Conservation Groups deny the allegations in the third sentence of Paragraph 49. The remaining allegations characterize the Navigable Waters Protection Rule, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

50.     The Conservation Groups admit that Navigable Waters Protection Rule was challenged in multiple federal district courts.

51.     Paragraph 51 characterizes the Executive Order, Agencies' motions, and federal judicial decisions cited therein, which speak for themselves and are the best evidence of their content. The Conservation Groups deny any characterization inconsistent therewith.

52.     The Conservation Groups admit the allegations in the first sentence of Paragraph 52. The Conservation Groups lack knowledge or information sufficient to form a belief as to when the Agencies began drafting a new rule.

53.     The Conservation Groups admit the allegations in the first sentence of Paragraph 53. The remaining allegations in Paragraph 53 characterize the Final Rule, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

54.     Paragraph 54 contains legal conclusions to which no response is required. To the extent Paragraph 54 contains factual allegations, those allegations characterize the Final Rule, a Supreme Court decision, and Plaintiff's comments, which speak for themselves and are the best evidence of their content. The Conservation Groups deny any characterization inconsistent therewith.

55.     The Conservation Groups admit the allegations in first sentence of Paragraph 55. The Conservation Groups lack knowledge or information sufficient to form a belief as the truth of the allegation in the second sentence of Paragraph 55.

56.     In response to the allegations in the first two sentences of Paragraph 56, the Conservation Groups admit that the Agencies issued the Final Rule on December 30, 2022, and that the Final Rule was published in the Federal Register on January 18, 2023. The Conservation

Groups deny the implication that the Agencies should have "wait[ed] for the Supreme Court's guidance in *Sackett*." The third sentence of Paragraph 56 characterizes the Final Rule, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

57.     Conservation Groups deny the allegations in the first sentence of Paragraph 57. The remaining allegations in Paragraph 57 characterize the Final Rule, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

58.     The Conservation Groups deny the allegations in Paragraph 58.

59.     Paragraph 59 characterizes the Final Rule, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

60.     Paragraph 60 characterizes the Final Rule, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith and deny that the Final Rule improperly asserts jurisdiction over any waters.

61.     Paragraph 61 characterizes the Final Rule, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith and deny that the Final Rule improperly asserts jurisdiction over any waters.

62.     Paragraph 62 characterizes the Final Rule, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith and deny that the Final Rule improperly asserts jurisdiction over any waters.

63.     Paragraph 63 characterizes the Final Rule, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith and deny that the Final Rule improperly asserts jurisdiction over any waters.

64.     Paragraph 64 characterizes the Final Rule, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

65.     Paragraph 65 characterizes the Final Rule, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith and deny that the Final Rule improperly asserts jurisdiction over any waters.

66.     Paragraph 66 characterizes the Final Rule, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith and deny that the Final Rule improperly asserts jurisdiction over any waters.

67.     Paragraph 67 characterizes the Final Rule, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith and deny that the Final Rule improperly asserts jurisdiction over any waters.

68.     The Conservation Groups deny the allegations in the first sentence of Paragraph 68. The remaining allegations characterizes the Final Rule, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

69.     The Conservation Groups deny the allegations in Paragraph 69.

70.     Paragraph 70 characterizes the Final Rule, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

71.     The first sentence of Paragraph 71 characterizes the Final Rule, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith. The second sentence contains legal conclusions to which no response is required.

72.     Paragraph 72 characterizes the Final Rule, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

73.     Paragraph 73 characterizes the Final Rule and the post-*Rapanos* guidance, which speak for themselves and are the best evidence of their content. The Conservation Groups deny any characterization inconsistent therewith.

74.     Paragraph 74 characterizes the Final Rule, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

75.     Paragraph 75 characterizes the Final Rule, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

76.     Paragraph 76 characterizes the Final Rule, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

77.     Paragraph 77 characterizes the Final Rule, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

78.     The first sentence in Paragraph 78 characterizes the Final Rule, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith. The Conservation Groups deny the allegations in the second sentence of Paragraph 78.

79.     Paragraph 79 characterizes the Final Rule, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith. The Conservation Groups deny the allegations in the third sentence of Paragraph 79.

80.     Paragraph 80 characterizes the Final Rule, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith. By way of further response, the Conservation Groups deny that the Final Rule contains "expansive categories" and that the Science Report is "flawed."

81.     The Conservation Groups deny the allegations in Paragraph 81.

82.     The Conservation Groups deny the allegations in Paragraph 82.

83.     Paragraph 83 contains legal conclusions to which no response is required. To the extent a response is required, Paragraph 83 characterizes federal judicial decisions, Kentucky code sections, the Clean Water Act, and the U.S. Constitution, which speak for themselves and are the best evidence of their content. The Conservation Groups deny any characterization inconsistent therewith.

84.     Paragraph 84 contains legal conclusions to which no response is required. To the extent a response is required, the Conservation Groups deny the allegations in Paragraph 84.

85.     Paragraph 85 contains legal conclusions to which no response is required. To the extent a response is required, the Conservation Groups deny the allegations in Paragraph 85.

86.     The Conservation Groups admit that the Commonwealth of Kentucky is subject to the Clean Water Act. The Conservation Groups deny the remaining allegations in Paragraph 86.

87.     The Conservation Groups admit that Kentucky citizens must comply with the Clean Water Act. The Conservation Groups deny the remaining allegations in Paragraph 87.

88.     Paragraph 88 characterizes the comments of the Kentucky Farm Bureau Federation, which speak for themselves and are the best evidence of their content. The Conservation Groups deny any characterization inconsistent therewith. By way of further response, the Conservation Groups deny that the Final Rule causes harm to Plaintiff or its citizens.

89.     The Conservation Groups deny the allegations in Paragraph 89.

90.     Paragraph 90 characterizes the comments of the Kentucky Farm Bureau Federation, which speak for themselves and are the best evidence of their content. The Conservation Groups deny any characterization inconsistent therewith. By way of further response, the Conservation Groups deny that the Final Rule harms Plaintiff or its citizens.

91.     The Conservation Groups deny the allegations in Paragraph 91.

92.     The Conservation Groups deny that the Final Rule harms Plaintiff or its citizens. The remaining allegations in Paragraph 92 contain legal conclusions to which no response is required.

93.     The Conservation Groups deny that the Final Rule harms Plaintiff or its citizens. The remaining allegations in Paragraph 93 contain legal conclusions to which no response is required. To the extent a response is required, the Conservation Groups state that the cited regulations speak for themselves and are the best evidence of their content. The Conservation Groups deny any characterization inconsistent therewith..

13

94.    The Conservation Groups deny that the Final Rule causes harm to Plaintiff or its citizens. The remaining allegations in Paragraph 94 contain legal conclusions to which no response is required. To the extent a response is required, the Conservation Groups state that the cited regulations for themselves and deny any characterization inconsistent therewith.

95.    The Conservation Groups deny the allegations in Paragraph 95.

<strong>RESPONSE TO CLAIM ONE</strong>

96.    The Conservation Groups incorporate their responses to the allegations in Paragraphs 1 through 95 above.

97.    Paragraph 97 characterizes the Administrative Procedure Act and a Supreme Court decision, which speak for themselves and are the best evidence of their content. The Conservation Groups deny any characterization inconsistent therewith.

98.    Paragraph 98 contains legal conclusions to which no response is required. To the extent a response is required, the Conservation Groups deny the allegations in Paragraph 98.

99.    The Conservation Groups deny that Plaintiff is entitled to the relief sought.

<strong>RESPONSE TO CLAIM TWO</strong>

100.    The Conservation Groups incorporate their responses to the allegations in Paragraphs 1 through 99 above.

101.    Paragraph 101 characterizes the Administrative Procedure Act, which speak for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

102.    Paragraph 102 contains legal conclusions to which no response is required. To the extent a response is required, the Conservation Groups deny the allegations in Paragraph 102.

103.    Paragraph 103 contains legal conclusions to which no response is required. To the extent a response is required, Paragraph 103 characterizes the U.S. Constitution and a Supreme Court decision, which speak for themselves and are the best evidence of their content. The Conservation Groups deny any characterization inconsistent therewith and deny that the Final Rule violates the Commerce Clause.

104.    Paragraph 104 contains legal conclusions to which no response is required. To the extent a response is required, Paragraph 104 characterizes the Commerce Clause and a Supreme Court decision, which speak for themselves and are the best evidence of their content. The Conservation Groups deny any characterization inconsistent therewith and deny that the Final Rule violates the Commerce Clause.

105.    Paragraph 105 contains legal conclusions to which no response is required. To the extent a response is required, the Conservation Groups deny the allegations in Paragraph 105 and deny that Plaintiff is entitled to the relief sought.

## RESPONSE TO CLAIM THREE

106.    The Conservation Groups incorporate their responses to the allegations in Paragraphs 1 through 105 above.

107.    Paragraph 107 characterizes the Administrative Procedure Act, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

108.    Paragraph 108 contains legal conclusions to which no response is required. To the extent a response is required, the Conservation Groups deny the allegations in Paragraph 108.

109.    Paragraph 109 characterizes the U.S. Constitution and Supreme Court decisions, which speak for themselves and are the best evidence of their content. The Conservation Groups

15

deny any characterization inconsistent therewith and deny that the Final Rule violates the Tenth Amendment.

110.    Paragraph 110 contains legal conclusions to which no response is required. To the extent a response is required, the Conservation Groups deny the allegations in Paragraph 110 and deny that Plaintiff is entitled to the relief sought.

## RESPONSE TO CLAIM FOUR

111.    The Conservation Groups incorporate their responses to the allegations in Paragraphs 1 through 110 above.

112.    Paragraph 112 characterizes the Administrative Procedure Act, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

113.    Paragraph 113 contains legal conclusions to which no response is required. To the extent a response is required, the Conservation Groups deny the allegations in Paragraph 113.

114.    Paragraph 114 characterizes the U.S. Constitution and Supreme Court decisions, which speak for themselves and are the best evidence of their content. The Conservation Groups deny any characterization inconsistent therewith and deny that the Final Rule violates the Due Process Clause of the Fifth Amendment.

115.    Paragraph 115 contains legal conclusions to which no response is required. To the extent a response is required, the Conservation Groups deny the allegations in Paragraph 115.

116.    Paragraph 116 contains legal conclusions to which no response is required. To the extent a response is required, the Conservation Groups deny the allegations in Paragraph 116 and deny that Plaintiff is entitled to the relief sought.

## RESPONSE TO CLAIM FIVE

117.    The Conservation Groups incorporate their responses to the allegations in Paragraphs 1 through 116 above.

118.    Paragraph 118 characterizes the Administrative Procedure Act, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

119.    Paragraph 119 contains legal conclusions to which no response is required. To the extent a response is required, the Conservation Groups deny the allegations in Paragraph 119.

120.    Paragraph 120 contains legal conclusions to which no response is required. To the extent a response is required, the Conservation Groups deny the allegations in Paragraph 120.

121.    Paragraph 121 contains legal conclusions to which no response is required. To the extent a response is required, the Conservation Groups deny the allegations in Paragraph 121.

122.    Paragraph 122 contains legal conclusions to which no response is required. To the extent a response is required, the Conservation Groups deny the allegations in Paragraph 122.

123.    Paragraph 123 contains legal conclusions to which no response is required. To the extent a response is required, the Conservation Groups deny the allegations in Paragraph 123 and deny that Plaintiff is entitled to the relief sought.

## RESPONSE TO CLAIM SIX

124.    The Conservation Groups incorporate their responses to the allegations in Paragraphs 1 through 123 above.

125.    Paragraph 125 contains legal conclusions to which no response is required. To the extent a response is required, Paragraph 125 characterizes Supreme Court decisions, which speak

for themselves and are the best evidence of their content. The Conservation Groups deny any characterization inconsistent therewith.

126.     The first sentence of Paragraph 126 contains legal conclusions to which no response is required. In response to the remaining allegations, the Conservation Groups admit that a broader definition of "waters of the United States" will result in more waters being subject to Clean Water Act permitting oversight and that non-compliance with the Clean Water Act may result in civil and/or criminal penalties, as intended by Congress. The Conservation Groups deny the remaining allegations and deny that the Final Rule improperly asserts jurisdiction over any waters.

127.     Paragraph 127 contains legal conclusions to which no response is required. To the extent a response is required, the Conservation Groups deny the allegations in Paragraph 127.

128.     Paragraph 128 contains legal conclusions to which no response is required. To the extent a response is required, the Conservation Groups deny the allegations in Paragraph 128.

129.     Paragraph 129 contains legal conclusions to which no response is required. To the extent a response is required, the Conservation Groups deny the allegations in Paragraph 129 and deny that Plaintiff is entitled to the relief sought.

## RESPONSE TO CLAIM SEVEN

130.     The Conservation Groups incorporate their responses to the allegations in Paragraphs 1 through 129 above.

131.     Paragraph 131 characterizes the Administrative Procedure Act and a Supreme Court decision, which speak for themselves and are the best evidence of their content. The Conservation Groups deny any characterization inconsistent therewith.

132.    Paragraph 132 contains legal conclusions to which no response is required. To the extent a response is required, the Conservation Groups deny the allegations in Paragraph 132.

133.    Paragraph 133 contains legal conclusions to which no response is required. To the extent a response is required, the Conservation Groups deny the allegations in Paragraph 133.

134.    Paragraph 134 contains legal conclusions to which no response is required. To the extent a response is required, the Conservation Groups deny the allegations in Paragraph 134.

**RESPONSE TO "PRAYER FOR RELIEF"**

In response to the unnumbered "Prayer for Relief" paragraph, the Conservation Groups deny that Plaintiff is entitled to any of the relief requested.

**GENERAL DENIAL**

To the extent that any allegation in the Complaint is not expressly admitted, it is denied.

**DEFENSES**

1.    The Complaint fails to state a claim upon which relief can be granted with respect to one or more of the claims in the Complaint.

2.    Plaintiff lacks standing with respect to one or more of the claims set forth in the Complaint.

3.    The Conservation Groups reserve the right to raise any defense, including, but not limited to, those found in Federal Rules of Civil Procedure 8(c) and 12, that may be supported by the record in this action.

Respectfully submitted this 2nd day of March, 2023.

/s/ Mark Sabath
Mark Sabath*
Southern Environmental Law Center
122 C Street NW, Suite 325
Washington, DC 20001
(434) 977-4090

19

msabath@selcva.org

Kelly F. Moser*
Nicholas S. Torrey*
Southern Environmental Law Center
601 West Rosemary Street, Suite 220
Chapel Hill, NC 27516
(919) 967-1450
kmoser@selcnc.org
ntorrey@selcnc.org

Megan Hinkle Huynh*
Southern Environmental Law Center
Ten 10th Street NW, Suite 1050
Atlanta, GA 30309
(404) 521-9900
mhuynh@selcga.org

*Counsel for the Conservation Groups*
*Pro hac vice application filed concurrently*

<u>/s/ Ashley Wilmes</u>
Ashley Wilmes
Tom FitzGerald
Kentucky Resources Council
PO Box 1070
Frankfort, Kentucky 40602
(502) 875-2428
ashley@kyrc.org
fitzkrc@aol.com

*Counsel for Kentucky Resources Council, Inc.*