**Proposed Answer and Defenses**

Kentucky Chamber of Commerce, *et al*. v. United States Environmental
Protection Agency, *et al*., 3:23:cv-00008

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY
### FRANKFORT DIVISION

| | | |
|---|---|---|
| KENTUCKY CHAMBER OF COMMERCE, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:23-cv-00008-GFVT (consolidated with No. 3:23-cv-00007-GFVT) |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*, | ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| KENTUCKY RESOURCES COUNCIL, INC., *et al.*, | ) ) ) | |
| Applicant-Intervenor-Defendants. | ) ) | |

## [PROPOSED] ANSWER AND DEFENSES

Applicant-Intervenor-Defendants Kentucky Resources Council, Inc., National Wildlife Federation, Florida Wildlife Federation, North Carolina Wildlife Federation, South Carolina Wildlife Federation, Tennessee Wildlife Federation, Izaak Walton League of America, and Minnesota Division of the Izaak Walton League of America (collectively, the "Conservation Groups") respectfully submit this Proposed Answer to the Complaint filed on February 22, 2023, by the Kentucky Chamber of Commerce, Chamber of Commerce of the United States of America, Associated General Contractors of Kentucky, Inc., Home Builders Association of Kentucky, Portland Cement Association, and Georgia Chamber of Commerce. Pursuant to Fed. R. Civ. P. 24(c), this Answer is submitted concurrently with the Conservation Groups' Motion to Intervene.

1

1.      The Conservation Groups admit that this case involves the *Revised Definition of "Waters of the United States*," 88 Fed. Reg. 3004 (Jan. 18, 2023) ("Final Rule"). The Conservation Groups deny Plaintiff's characterization of the Final Rule and all other factual allegations contained in Paragraph 1 of the Complaint.

2.      Paragraph 2 characterizes the Clean Water Act and federal judicial decisions, which speak for themselves and are the best evidence of their content. The Conservation Groups deny any characterization inconsistent therewith.

3.      Paragraph 3 characterizes the Clean Water Act, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

4.      Paragraph 4 characterizes federal judicial decisions, which speak for themselves and are the best evidence of their content. The Conservation Groups deny any characterization inconsistent therewith.

5.      Paragraph 5 characterizes the 2015 Clean Water Rule, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

6.      Paragraph 6 characterizes federal judicial decisions, which speak for themselves and are the best evidence of their content. The Conservation Groups deny any characterization inconsistent therewith.

7.      The Conservation Groups admit that this case involves the *Revised Definition of "Waters of the United States*," 88 Fed. Reg. 3004 (Jan. 18, 2023). The Conservation Groups deny Plaintiff's characterization of the Final Rule.

8.      Paragraph 8 characterizes the Final Rule, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

9.      The Conservation Groups deny the allegations in Paragraph 9.

10.     The Conservation Groups admit that *Sackett v. EPA* is pending before the Supreme Court. The Conservation Groups deny the remaining allegations in Paragraph 10.

11.     The Conservation Groups deny the allegations in Paragraph 11.

12.     The Conservation Groups deny that Plaintiffs are entitled to the requested relief.

**RESPONSE TO ALLEGATIONS REGARDING JURISDICTION AND VENUE**

13.     Paragraph 13 contains legal conclusions to which no response is required.

14.     Paragraph 14 contains legal conclusions to which no response is required.

15.     Paragraph 15 contains legal conclusions to which no response is required.

16.     Paragraph 16 contains legal conclusions to which no response is required.

17.     Paragraph 17 contains legal conclusions to which no response is required but the Conservation Groups deny that Plaintiffs are entitled to such relief.

18.     The Conservation Groups lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19.     The Conservation Groups lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

**RESPONSE TO ALLEGATIONS REGARDING THE PARTIES**

20.     The Conservation Groups lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

3

21.     The Conservation Groups lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22.     The Conservation Groups lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23.     The Conservation Groups lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24.     The Conservation Groups lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25.     The Conservation Groups lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

26.     The Conservation Groups admit the allegation contained in the first sentence of Paragraph 26. The Conservation Groups lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26.

27.     The Conservation Groups deny the allegations in Paragraph 27.

28.     The Conservation Groups admit the allegations in Paragraph 28.

29.     The Conservation Groups admit the allegations in Paragraph 29.

30.     The Conservation Groups deny that Plaintiffs are entitled to the relief requested.

**RESPONSE TO ALLEGATIONS REGARDING STANDING**

31.     Paragraph 31 contains legal conclusions to which no response is required. To the extent Paragraph 31 contains factual allegations, the Conservation Groups lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny those allegations.

32.    Paragraph 32 contains legal conclusions to which no response is required. To the extent Paragraph 32 contains factual allegations, the Conservation Groups lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny those allegations.

33.    The Conservation Groups lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and therefore deny those allegations.

34.    The Conservation Groups admit that Plaintiffs' members must comply with the Clean Water Act. The Conservation Groups lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34, and therefore deny those allegations.

35.    The Conservation Groups deny the allegations in Paragraph 35.

36.    The Conservation Groups deny the allegations in Paragraph 36.

37.    Paragraph 37 characterizes the Clean Water Act, federal regulations, and a federal judicial decision, which speak for themselves and are the best evidence of their content. The Conservation Groups deny any characterization inconsistent therewith.

38.    Paragraph 38 characterizes the Final Rule and the pre-2015 regulatory scheme, which speak for themselves and are the best evidence of their content. The Conservation Groups deny any characterization inconsistent therewith.

39.    Paragraph 39 characterizes the Final Rule, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

40.     Paragraph 40 characterizes the Final Rule and the pre-2015 regulatory scheme, which speak for themselves and are the best evidence of their content. The Conservation Groups deny any characterization inconsistent therewith.

41.     Paragraph 41 characterizes the Final Rule, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

42.     The Conservation Groups deny the allegations in Paragraph 42.

43.     Paragraph 43 contains legal conclusions to which no response is required. To the extent Paragraph 43 contains factual allegations, the Conservation Groups lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny those allegations.

44.     Paragraph 44 contains legal conclusions to which no response is required. To the extent Paragraph 44 contains factual allegations, the Conservation Groups lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny those allegations.

**RESPONSE TO FACTUAL ALLEGATIONS**

45.     Paragraph 45 characterizes the Final Rule, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

46.     Paragraph 46 characterizes the regulations cited therein, which speak for themselves and are the best evidence of their content. The Conservation Groups deny any characterization inconsistent therewith.

47.     Paragraph 47 characterizes the regulations cited in Paragraph 46, which speak for themselves and are the best evidence of their content. The Conservation Groups deny any characterization inconsistent therewith.

48.     The Conservation Groups admit the allegations in Paragraph 48.

49.     Paragraph 49 characterizes the Clean Water Act, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

50.     Paragraph 50 characterizes the Clean Water Act, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

51.     Paragraph 51 characterizes the Clean Water Act, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

52.     Paragraph 52 characterizes the Clean Water Act, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

53.     The first sentence of Paragraph 53 characterizes the Clean Water Act, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith. The Conservation Groups lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

54.     Paragraph 54 characterizes the rule cited therein, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

55.     Paragraph 55 characterizes a federal judicial decision and the regulations cited therein, which speak for themselves and are the best evidence of their content. The Conservation Groups deny any characterization inconsistent therewith.

56.     Paragraph 56 characterizes the regulations cited therein, which speak for themselves and are the best evidence of their content. The Conservation Groups deny any characterization inconsistent therewith.

57.     Paragraph 57 characterizes a Supreme Court decision, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

58.     Paragraph 58 characterizes a Supreme Court decision, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

59.     Paragraph 59 characterizes a Supreme Court decision, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

60.     Paragraph 60 characterizes a Supreme Court decision, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

61.     Paragraph 61 characterizes a Supreme Court decision, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

62. Paragraph 62 characterizes a Supreme Court decision, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

63. Paragraph 63 characterizes a Supreme Court decision, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

64. Paragraph 64 characterizes the guidance document cited therein, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

65. Paragraph 65 characterizes the guidance document cited therein, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

66. Paragraph 66 characterizes the guidance document cited therein, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

67. Paragraph 67 characterizes the 2015 Clean Water Rule, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

68. Paragraph 68 characterizes the federal judicial decisions cited therein, which speak for themselves and are the best evidence of their content. The Conservation Groups deny any characterization inconsistent therewith.

69.     Paragraph 69 characterizes the federal judicial decisions cited therein, which speak for themselves and are the best evidence of their content. The Conservation Groups deny any characterization inconsistent therewith.

70.     Paragraph 70 characterizes the rule cited therein, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

71.     Paragraph 71 characterizes the rule cited therein, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith and deny that the Navigable Waters Protection Rule was consistent with law.

72.     Paragraph 72 characterizes the motions and federal judicial decisions cited therein, which speak for themselves and are the best evidence of their content. The Conservation Groups deny any characterization inconsistent therewith.

73.     The Conservation Groups admit the allegations in Paragraph 73.

74.     The Conservation Groups admit the allegations in Paragraph 74.

75.     Paragraph 75 characterizes the proposed rule, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

76.     Paragraph 76 characterizes the proposed rule, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith and deny that the Final Rule improperly asserts jurisdiction over any waters.

77.     Paragraph 77 characterizes the proposed rule, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith and deny that the Final Rule improperly asserts jurisdiction over any waters.

10

78.     The Conservation Groups lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78.

79.     The Conservation Groups admit that the U.S. Supreme Court granted certiorari in *Sackett v. EPA* on January 24, 2022, and heard oral argument on the case on October 3, 2022. The remaining allegations in Paragraph 79 characterize the federal judicial decisions cited therein, which speak for themselves and are the best evidence of their content. The Conservation Groups deny any characterization inconsistent therewith.

80.     The Conservation Groups admit that the agencies released a Final Rule, which was published in the Federal Register on January 18, 2022. The Conservation Groups deny the characterization contained in the first clause of Paragraph 80.

81.     Paragraph 81 characterizes the Final Rule, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

82.     Paragraph 82 contains legal conclusions to which no response is required. To the extent a response is required, Paragraph 82 characterizes the Final Rule, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

83.     Paragraph 83 characterizes the Final Rule, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

84.     Paragraph 84 characterizes the Final Rule, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

85.     Paragraph 85 characterizes the Final Rule, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

86.     Paragraph 86 characterizes the Final Rule, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

87.     Paragraph 87 characterizes the Final Rule, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

88.     Paragraph 88 characterizes the Final Rule, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

89.     Paragraph 89 characterizes the Final Rule, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

90.     Paragraph 90 characterizes the Agencies' statements regarding the Final Rule, which speak for themselves and are the best evidence of their content. The Conservation Groups deny any characterization inconsistent therewith.

91.     Paragraph 91 contains legal conclusions to which no response is required. To the extent a response is required, Paragraph 91 characterizes the 2019 Rule, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

12

92.     Paragraph 92 characterizes the Final Rule, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith and deny that the Final Rule improperly asserts jurisdiction over any waters.

93.     Paragraph 93 contains legal conclusions to which no response is required. To the extent a response is required, Paragraph 93 characterizes the Final Rule, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith and deny that the Final Rule improperly asserts jurisdiction over any waters.

94.     The Conservation Groups deny the allegations in Paragraph 94.

95.     The Conservation Groups deny the allegations in Paragraph 95.

96.     Paragraph 96 contains legal conclusions to which no response is required. To the extent a response is required, the Conservation Groups deny the allegations in Paragraph 96.

97.     The first sentence of Paragraph 97 contains legal conclusions to which no response is required. To the extent a response is required, the Conservation Groups deny the allegations in the first sentence of Paragraph 97. The Conservation Groups lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

98.     Paragraph 98 contains legal conclusions to which no response is required. To the extent a response is required, the Conservation Groups deny the allegations in Paragraph 98.

99.     Paragraph 99 contains legal conclusions to which no response is required. To the extent a response is required, the Conservation Groups deny the allegations in Paragraph 99.

100.     Paragraph 100 contains legal conclusions to which no response is required. To the extent a response is required, the Conservation Groups deny the allegations in Paragraph 100.

101.    Paragraph 101 contains legal conclusions to which no response is required. To the extent a response is required, Paragraph 101 characterizes the Final Rule and a Supreme Court decision, which speak for themselves and are the best evidence of their content. The Conservation Groups deny any characterization inconsistent therewith and deny that the Final Rule improperly asserts jurisdiction over any waters.

102.    Paragraph 102 contains legal conclusions to which no response is required. To the extent a response is required, Paragraph 102 characterizes the Final Rule and a Supreme Court decision, which speak for themselves and are the best evidence of their content. The Conservation Groups deny any characterization inconsistent therewith and deny that the Final Rule improperly asserts jurisdiction over any waters.

103.    Paragraph 103 contains legal conclusions to which no response is required. To the extent a response is required, Paragraph 103 characterizes the Final Rule, a Supreme Court decision, and the pre-2015 regulatory scheme, which speak for themselves and are the best evidence of their content. The Conservation Groups deny any characterization inconsistent therewith and deny that the Final Rule improperly asserts jurisdiction over any waters.

104.    Paragraph 104 contains legal conclusions to which no response is required. To the extent a response is required, Paragraph 104 characterizes the Final Rule, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith and deny that the Final Rule improperly asserts jurisdiction over any waters.

105.    Paragraph 105 contains legal conclusions to which no response is required. To the extent a response is required, Paragraph 105 characterizes the Final Rule, a Supreme Court decision, and the U.S. Constitution, which speak for themselves and are the best evidence of

their content. The Conservation Groups deny any characterization inconsistent therewith and deny that the Final Rule improperly asserts jurisdiction over any waters.

106. Paragraph 106 contains legal conclusions to which no response is required. To the extent a response is required, Paragraph 106 characterizes the Final Rule and the Clean Water Act, which speak for themselves and are the best evidence of their content. The Conservation Groups deny any characterization inconsistent therewith and deny that the Final Rule improperly asserts jurisdiction over any waters.

107. Paragraph 107 contains legal conclusions to which no response is required. To the extent a response is required, Paragraph 107 characterizes the Final Rule, the U.S. Constitution, and a Supreme Court decision, which speak for themselves and are the best evidence of their content. The Conservation Groups deny any characterization inconsistent therewith and deny that the Final Rule improperly asserts jurisdiction over any waters.

108. Paragraph 108 contains legal conclusions to which no response is required. To the extent a response is required, Paragraph 108 characterizes the Final Rule and a Supreme Court decision, which speak for themselves and are the best evidence of their content. The Conservation Groups deny any characterization inconsistent therewith and deny that the Final Rule improperly asserts jurisdiction over any waters.

109. Paragraph 109 contains legal conclusions to which no response is required. To the extent a response is required, the Conservation Groups deny the allegations in Paragraph 109.

110. Paragraph 110 contains legal conclusions to which no response is required. To the extent a response is required, the Conservation Groups deny the allegations in Paragraph 110.

111. Paragraph 111 contains legal conclusions to which no response is required. To the extent a response is required, the Conservation Groups deny the allegations in Paragraph 111.

112.     The first sentence of Paragraph 112 characterizes the Agencies' statements about the Final Rule, which speak for themselves and are the best evidence of their content. The Conservation Groups deny any characterization inconsistent therewith. The Conservation Groups deny the allegations in the second sentence of Paragraph 112.

113.     The Conservation Groups deny the allegations in the first two sentences of Paragraph 113. The last sentence of Paragraph 113 characterizes the Final Rule and the *Rapanos* guidance, which speak for themselves and are the best evidence of their content. The Conservation Groups deny any characterization inconsistent therewith.

114.     The Conservation Groups deny the allegations in the first sentence of Paragraph 114. The remaining allegations in Paragraph 114 characterize the Final Rule, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

115.     Paragraph 115 characterize the Final Rule, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith. To the extent Paragraph 115 contains other factual allegations, the Conservation Groups deny those allegations.

## RESPONSE TO COUNT ONE

116.     The Conservation Groups incorporate their responses to the allegations contained in Paragraphs 1 through 115 above.

117.     Paragraph 117 contains legal conclusions to which no response is required. To the extent a response is required, Paragraph 117 characterizes provisions of the Administrative Procedure Act, which speak for themselves and are the best evidence of their content. The Conservation Groups deny any characterization inconsistent therewith.

16

118.    Paragraph 118 contains legal conclusions to which no response is required. To the extent a response is required, Paragraph 118 characterizes the Clean Water Act, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

119.    Paragraph 119 contains legal conclusions to which no response is required. To the extent a response is required, the Conservation Groups deny the allegations in Paragraph 119.

120.    Paragraph 120 contains legal conclusions to which no response is required. To the extent a response is required, the Conservation Groups deny the allegations in Paragraph 120.

121.    Paragraph 121 characterizes the Final Rule and a Supreme Court decision, which speak for themselves and are the best evidence of their content. The Conservation Groups deny any characterization inconsistent therewith and deny that the Final Rule improperly asserts jurisdiction over any waters.

122.    Paragraph 122 characterizes the Final Rule and a Supreme Court decision, which speak for themselves and are the best evidence of their content. The Conservation Groups deny any characterization inconsistent therewith and deny that the Final Rule improperly asserts jurisdiction over any waters.

123.    Paragraph 123 contains legal conclusions to which no response is required. To the extent a response is required, the Conservation Groups deny the allegations in Paragraph 123.

124.    Paragraph 124 contains legal conclusions to which no response is required. To the extent a response is required, the Conservation Groups deny the allegations in Paragraph 124.

### RESPONSE TO COUNT TWO

125.    The Conservation Groups incorporate their responses to the allegations contained in Paragraphs 1 through 124 above.

126.    Paragraph 126 contains legal conclusions to which no response is required. To the extent a response is required, Paragraph 126 characterizes the Administrative Procedure Act and federal judicial decisions, which speak for themselves and are the best evidence of their content. The Conservation Groups deny any characterization inconsistent therewith.

127.    Paragraph 127 contains legal conclusions to which no response is required. To the extent a response is required, the Conservation Groups deny the allegations in Paragraph 127.

128.    Paragraph 128 contains legal conclusions to which no response is required. To the extent a response is required, the Conservation Groups deny the allegations in Paragraph 128.

### RESPONSE TO COUNT THREE

129.    The Conservation Groups incorporate their responses to the allegations contained in Paragraphs 1 through 128 above.

130.    Paragraph 130 contains legal conclusions to which no response is required. To the extent a response is required, Paragraph 130 characterizes provisions of the Administrative Procedure Act, which speak for themselves and are the best evidence of their content. The Conservation Groups deny any characterization inconsistent therewith.

131.    Paragraph 131 contains legal conclusions to which no response is required. To the extent a response is required, Paragraph 131 characterizes a federal judicial decision, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

132.    Paragraph 132 contains legal conclusions to which no response is required. To the extent a response is required, the Conservation Groups deny the allegations in Paragraph 132.

133.    Paragraph 133 characterizes the Final Rule and the proposed rule, which speak for themselves and are the best evidence of their content. The Conservation Groups deny any

characterization inconsistent therewith and deny that the Final Rule violates the Administrative Procedure Act.

## RESPONSE TO COUNT FOUR

134.    The Conservation Groups incorporate their responses to the allegations contained in Paragraphs 1 through 133 above.

135.    Paragraph 135 characterizes the U.S. Constitution, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

136.    Paragraph 136 contains legal conclusions to which no response is required. To the extent a response is required, Paragraph 136 characterizes a Supreme Court decision, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

137.    Paragraph 137 contains legal conclusions to which no response is required. To the extent a response is required, the Conservation Groups deny the allegations in Paragraph 137 and deny that Plaintiffs are entitled to the relief sought.

138.    Paragraph 138 contains legal conclusions to which no response is required. To the extent a response is required, the Conservation Groups deny the allegations in Paragraph 138.

## RESPONSE TO COUNT FIVE

139.    The Conservation Groups incorporate their responses to the allegations contained in Paragraphs 1 through 138 above.

140.    Paragraph 140 contains legal conclusions to which no response is required. To the extent a response is required, Paragraph 140 characterizes the U.S. Constitution and a Supreme

Court decision, which speak for themselves and are the best evidence of their content. The Conservation Groups deny any characterization inconsistent therewith.

141.    Paragraph 141 contains legal conclusions to which no response is required. To the extent a response is required, the Conservation Groups deny the allegations in Paragraph 141.

142.    Paragraph 142 contains legal conclusions to which no response is required. To the extent a response is required, the Conservation Groups deny the allegations in Paragraph 142.

**RESPONSE TO COUNT SIX**

143.    The Conservation Groups incorporate their responses to the allegations contained in Paragraphs 1 through 142 above.

144.    Paragraph 144 contains legal conclusions to which no response is required. To the extent a response is required, Paragraph 144 characterizes the U.S. Constitution and a Supreme Court decision, which speak for themselves and are the best evidence of their content. The Conservation Groups deny any characterization inconsistent therewith.

145.    Paragraph 145 contains legal conclusions to which no response is required. To the extent a response is required, Paragraph 145 characterizes the U.S. Constitution and a Supreme Court decision, which speak for themselves and are the best evidence of their content. The Conservation Groups deny any characterization inconsistent therewith.

146.    Paragraph 146 contains legal conclusions to which no response is required. To the extent a response is required, the Conservation Groups deny the allegations in Paragraph 146.

147.    Paragraph 147 contains legal conclusions to which no response is required. To the extent a response is required, the Conservation Groups deny the allegations in Paragraph 147 and deny that Plaintiffs are entitled to the relief sought.

## RESPONSE TO COUNT SEVEN

148.    The Conservation Groups incorporate their responses to the allegations contained in Paragraphs 1 through 147 above.

149.    Paragraph 149 contains legal conclusions to which no response is required. To the extent a response is required, Paragraph 149 characterizes the Regulatory Flexibility Act, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

150.    The Conservation Groups lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150.

151.    Paragraph 151 contains legal conclusions to which no response is required. To the extent a response is required, the Conservation Groups deny the allegations in Paragraph 151.

152.    Paragraph 152 contains legal conclusions to which no response is required. To the extent a response Paragraph 152 contains factual allegations, the Conservation Groups deny those allegations.

153.    Paragraph 153 contains legal conclusions to which no response is required. To the extent a response is required, the Conservation Groups deny the allegations in Paragraph 153 and deny that Plaintiffs are entitled to the relief sought.

154.    The Conservation Groups deny the allegations in Paragraph 154 and deny that Plaintiffs are entitled to the relief sought.

## RESPONSE TO COUNT EIGHT

155.    The Conservation Groups incorporate their responses to the allegations contained in Paragraphs 1 through 154 above.

156.     Paragraph 156 contains legal conclusions to which no response is required. To the extent a response is required, the Conservation Groups deny the allegations in Paragraph 156.

157.     Paragraph 157 contains legal conclusions to which no response is required.

158.     Paragraph 158 contains legal conclusions to which no response is required. To the extent a response is required, Paragraph 158 characterizes a Supreme Court decision, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

159.     Paragraph 159 contains legal conclusions to which no response is required. To the extent a response is required, Paragraph 159 characterizes the Final Rule, which speaks for itself and is the best evidence of its content. The Conservation Groups deny any characterization inconsistent therewith.

## RESPONSE TO PRAYER FOR RELIEF

In response to the unnumbered "Prayer for Relief" paragraph, the Conservation Groups deny that Plaintiffs are entitled to any of the relief requested.

## GENERAL DENIAL

To the extent that any allegation in the Complaint is not expressly admitted above, it is denied.

## DEFENSES

1.     The Complaint fails to state a claim upon which relief can be granted with respect to one or more of the claims in the Complaint.

2.     Plaintiffs lack standing with respect to one or more of the claims set forth in the Complaint.

3.      The Conservation Groups reserve the right to raise any defense, including, but not limited to, those found in Federal Rules of Civil Procedure 8(c) and 12, that may be supported by the record in this action.

Respectfully submitted this 2nd day of March, 2023.

/s/ Mark Sabath
Mark Sabath*
Southern Environmental Law Center
122 C Street NW, Suite 325
Washington, DC 20001
(434) 977-4090
msabath@selcva.org

Kelly F. Moser*
Nicholas S. Torrey*
Southern Environmental Law Center
601 West Rosemary Street, Suite 220
Chapel Hill, NC 27516
(919) 967-1450
kmoser@selcnc.org
ntorrey@selcnc.org

Megan Hinkle Huynh*
Southern Environmental Law Center
Ten 10th Street NW, Suite 1050
Atlanta, GA 30309
(404) 521-9900
mhuynh@selcga.org

*Counsel for the Conservation Groups*
*Pro hac vice application filed concurrently*

/s/ Ashley Wilmes
Ashley Wilmes
Tom FitzGerald
Kentucky Resources Council
PO Box 1070
Frankfort, Kentucky 40602
(502) 875-2428
ashley@kyrc.org
fitzkrc@aol.com

*Counsel for Kentucky Resources Council, Inc.*

23