UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION
CIVIL ACTION NO. 3:23-cv-00007-GFVT (lead case,
consolidated with No. 3:23-cv-00008-GFVT)

| | |
|---|---|
| COMMONWEALTH OF KENTUCKY; <br> KENTUCKY CHAMBER OF COMMERCE; <br> CHAMBER OF COMMERCE OF THE <br> UNITED STATES OF AMERICA; <br> ASSOCIATED GENERAL CONTRACTORS OF <br> KENTUCKY, INC.; <br> HOME BUILDERS ASSOCIATION OF KENTUCKY; <br> PORTLAND CEMENT ASSOCIATION; and <br> GEORGIA CHAMBER OF COMMERCE, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION <br> AGENCY, ET AL., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PRIVATE-SECTOR PLAINTIFFS' OPPOSITION TO MOTION OF
CONSERVATION GROUPS FOR LEAVE TO INTERVENE**

The Kentucky Chamber of Commerce, Chamber of Commerce of the United States of America, Associated General Contractors of Kentucky, Inc., Home Builders Association of Kentucky, Portland Cement Association, and Georgia Chamber of Commerce (collectively "Private-Sector Plaintiffs") oppose the motion to intervene in support of Defendants filed today, by the Kentucky Resources Council, Florida Wildlife Federation, North Carolina Wildlife Federation, South Carolina Wildlife Federation, Tennessee Wildlife Federation, National Wildlife Federation, Izaak Walton League of America, and Izaak Walton League of America, Minnesota

1

Division (collectively "Conservation Groups"). The motion to intervene should be denied at this time because the Defendant Agencies will more than adequately represent the Conservation Groups' interests at this early and fast-moving stage of the proceedings, during which allowing intervention would unduly burden the parties and the Court.

Intervention as of right requires showing that: (1) the motion is timely; (2) the movant has a legal interest in the pending litigation; (3) the disposition of the action may impair or impede that legal interest; and (4) the parties to the litigation cannot adequately protect the interest. *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990); *United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005). A proposed intervenor must have more than a "general interest" in enforcing a law. *Truesdell v. Meier*, No. 3:19-CV-00066-GFVT, 2020 WL 1991402, at *3 (E.D. Ky. Apr. 27, 2020). And when the proposed intervenor "share[s] the same ultimate objective as a party to the suit," it is presumed that the existing party adequately represents the proposed intervenor's interest. *Michigan*, 424 F.3d at 444. "[W]hile the respective interests do not need to be 'wholly' adverse in order to support intervention, they must at least be different." *Reliastar Life Ins. Co. v. MKP Investments*, 565 F. App'x 369, 374 (6th Cir. 2014). It is not enough that a putative intervenor "could potentially present similar arguments in a different light." *Truesdell*, 2020 WL 1991402, at *4.

Permissive intervention under Rule 24(b) is within the discretion of this Court, but turns on similar considerations. *Id.* at *5. Permissive intervention should be similarly denied where a court is "satisfied [that existing parties] adequately represent the putative intervenor's interests." *Id.* In addition, courts consider whether the "potential strains on judicial economy," and other burdens on the existing parties and the court, weigh against allowing intervention. *Id.*

2

Both forms of intervention should be denied because the Conservation Groups do not show that the Defendant Agencies will fail, at this stage in the proceedings, to adequately protect the groups' interests. The Conservation Groups plainly share the "same ultimate objective" as the Defendant Agencies—ensuring that the 2023 Waters of the United States Rule is upheld—and thus must overcome the presumption that the Defendant Agencies will adequately protect their interests at this time. They do not do so. In the coming days, the only question before this Court is whether to maintain the status quo while this litigation proceeds to a "more deliberate determination whether th[e] [Agencies'] exercise of Executive power, enabled by Congress and explicated by the Supreme Court, is proper under the dictates of federal law." *Ohio v. United States Army Corps of Eng'rs (In re EPA & DOD Final Rule)*, 803 F.3d 804, 808 (6th Cir. 2015), *vacated on other grounds sub nom. Murray Energy Corp. v. United States Dep't of Def. (In re United States Dep't of Def.)*, 713 F. App'x 489 (6th Cir. 2018). On that limited question, there is no reason to expect (and the Conservation Groups offer none) that the Department of Justice will mount anything less than a full-throated defense, "collu[de]" with Plaintiffs, or take a position "adverse to the interests" of the Conservation Groups. *Truesdell*, 2020 WL 1991402, at *4 (citing *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987)). Indeed, the Conservation Groups do not even attempt to explain why they should be permitted to intervene at this particular stage in the proceedings, focusing instead solely on whether they should be permitted to intervene to defend the Rule generally.

Even as to the ultimate question of the Rule's lawfulness, the Conservation Groups offer little to show that the Defendant Agencies cannot adequately protect their interests, which is likely why even the Defendant Agencies oppose intervention as of right. Mot. at 2. The Conservation Groups point out that in the rulemaking process, they offered "suggestions that the Agencies did

3

not ultimately adopt." *Id*. at 17. But the Conservation Groups are not challenging the Rule as inadequate or unlawful in these or any other respects; as they forthrightly acknowledge, they seek to "*uphold* the Rule" as promulgated. *Id.* at 18 (emphasis added). They also note that they have "*at times* found their interests to be directly opposed to those of the Agencies," *id.* at 17 (emphasis added); but for this proposition, they cite only their differences with the *previous* Administration over *its* WOTUS rule. *Id.* at 17-18. They conspicuously offer no concrete basis for concluding that there will be any daylight between them and the Agencies at *this* time in *this* case. In the end, their argument boils down to their assertion that they would "add another perspective to the litigation" and their speculation that the Agencies may not make all of the groups' arguments, but those are legally insufficient grounds to overcome the presumption of adequate representation, *Truesdell*, 2020 WL 1991402, at *4, and particularly so at this stage in the proceedings when the issue before this Court is narrow.

The fast-moving nature of the current proceedings further weighs against allowing intervention. As provided in this Court's orders of February 23, Plaintiffs' reply briefs are due at 5 p.m. on Wednesday, March 8, and oral argument is scheduled for 10 a.m. on Friday, March 10. Requiring the existing parties to respond to additional briefing on this timeframe—when the federal government can fairly be expected to provide a vigorous defense—would be contrary to the interests of judicial economy and needlessly burdensome. *Cf.* Supreme Ct. R. 37.4 (discouraging the filing of amicus briefs in emergency proceedings).

Circumstances may change as the case proceeds and, if so, the Conservation Groups could move again for intervention. *Cf. Ohio v. U.S. EPA*, 313 F.R.D. 65, 70 (S.D. Ohio 2016) (denying farm and environmental groups' motions for leave to intervene as of right and for permissive intervention in challenge to Obama Administration's 2015 Waters of the United States rule); *Ohio*

*v. U.S. EPA*, No. 2:15-CV-2467, 2019 WL 417297, at *3 (S.D. Ohio Feb. 1, 2019) (granting reconsideration in same case, and allowing environmental groups to intervene, after new Administration took steps toward repealing the 2015 rule, sought to delay rule's implementation, and elected not to defend merits of rule in other litigation). But at this time, intervention is neither necessary nor warranted.

## CONCLUSION

The motion to intervene should be denied without prejudice to refiling at a later time.

| | |
|---|---|
| Dated: March 2, 2023 | /s/ Elbert Lin |
| | Charles E. English, Jr. ("Buzz") |
| | Sarah P. Jarboe |
| | LaJuana S. Wilcher |
| | English, Lucas, Priest & Owsley, LLP |
| | 1101 College Street; P.O. Box 770 |
| | Bowling Green, KY 42102-0770 |
| | (270) 781-6500 |
| | benglish@elpolaw.com |
| | sjarboe@elpolaw.com |
| | lwilcher@elpolaw.com |
| | |
| | Elbert Lin (*pro hac vice*) |
| | Hunton Andrews Kurth LLP |
| | 951 East Byrd Street, East Tower |
| | Richmond, VA 23219 |
| | (804) 788-8200 |
| | elin@HuntonAK.com |
| | |
| | Matthew Z. Leopold (*pro hac vice*) |
| | Kerry L. McGrath (*pro hac vice*) |
| | Erica N. Peterson (*pro hac vice*) |
| | Hunton Andrews Kurth LLP |
| | 2200 Pennsylvania Avenue, NW |
| | Washington, DC 20037 |
| | (202) 955-1500 |
| | mleopold@HuntonAK.com |
| | kmcgrath@HuntonAK.com |
| | epeterson@HuntonAK.com |
| | |
| | *Counsel for Plaintiffs Kentucky Chamber of Commerce, Chamber of Commerce of the United States of America, Associated General Contractors of Kentucky, Inc., Home Builders Association of Kentucky, Portland Cement Association, and Georgia Chamber of Commerce* |
| | |
| | Andrew R. Varcoe (*pro hac vice*) |
| | Stephanie A. Maloney (*pro hac vice*) |
| | U.S. Chamber Litigation Center |
| | 1615 H Street, NW |
| | Washington, DC 20062 |
| | (202) 463-5337 |
| | avarcoe@USChamber.com |
| | smaloney@USChamber.com |

*Counsel for Plaintiff Chamber of Commerce of the United States of America*

## CERTIFICATE OF SERVICE

I certify that on this 2nd day of March 2023, I filed a copy of this Private-Sector Plaintiffs' Opposition To Motion Of Conservation Groups For Leave To Intervene with the Court's electronic-filing system, which will send an electronic copy to all counsel.

/s/ Elbert Lin
Elbert Lin