UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT FRANKFORT
*Electronically filed*

| | |
|---|---|
| **COMMONWEALTH OF KENTUCKY**, *et al.*<br><br>*Plaintiff,*<br><br>v.<br><br>**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,** *et al.*<br><br>*Defendants.* | Civil Action No. 3:23-cv-00007, consolidated with 3:23-cv-00008 |

### COMMONWEALTH OF KENTUCKY'S OPPOSITION TO CONSERVATION GROUPS' MOTION FOR LEAVE TO INTERVENE

Yesterday, the Kentucky Resources Council, Inc., National Wildlife Federation, Florida Wildlife Federation, North Carolina Wildlife Federation, South Carolina Wildlife Federation, Tennessee Wildlife Federation, Izaak Walton League of America, and Minnesota Division of the Izaak Walton League of America (collectively, the "Conservation Groups") filed a motion to intervene as Defendants in this case. Doc. 22. According to the Conservation Groups, they meet the standards both for intervention of right under Fed. R. Civ. P. 24(a) and permissive intervention under Fed. R. Civ. P. 24(b). Doc. 22, PageID.730. The Private-Sector Plaintiffs filed a motion opposing intervention by the Conservation Groups on the same day. Doc. 28.

Plaintiff the Commonwealth of Kentucky, by and through Attorney General Daniel Cameron, agrees with the opposition filed by the Private-Sector Plaintiffs and

adopts the arguments therein as its own. In particular, the Commonwealth emphasizes that the Conservation Groups simply fail to overcome the "presumption that the parties already before the court [will] adequately represent the interests of the proposed intervenor." *Nemes v. Bensinger*, 336 F.R.D. 132, 137 (W.D. Ky. 2020) (citing *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987)). At this point in the proceedings, there is only one issue before the Court: whether to enjoin the Final Rule and maintain the status quo or to allow the Final Rule to go into effect while adjudicating the merits of the Plaintiffs' claims. The Conservation Groups and the Defendant Agencies certainly agree that the Final Rule should go into effect, meaning they share an "ultimate objective." *See Bradley*, 828 F.2d at 1192 (citation omitted). And the Conservation Groups fail to make any showing indicating collusion, failure by the Defendant Agencies to fulfill their duty, or adverse interests as to the preliminary injunction motion. *See id*. Without such showings, the Conservation Groups cannot overcome the presumption against allowing intervention here. *See id*.

The Commonwealth, therefore, respectfully urges this Court to deny the Conservation Groups' motion to intervene.

Respectfully submitted,

**Daniel Cameron**
**ATTORNEY GENERAL**

*/s/ Christopher L. Thacker*
Victor B. Maddox
Christopher L. Thacker
Lindsey R. Keiser
Harrison Gray Kilgore (application for admission submitted)
Office of the Attorney General
700 Capital Avenue, Suite 118
Frankfort, Kentucky 40601
Phone: (502) 696-5300
Victor.Maddox@ky.gov
Christopher.Thacker@ky.gov
Lindsey.Keiser@ky.gov
Harrison.Kilgore@ky.gov

*Counsel for the Commonwealth of Kentucky*
*ex rel. Daniel Cameron in his official capacity*
*as Attorney General of Kentucky*

### CERTIFICATE OF SERVICE

  I certify that on March 3, 2023, the above document was filed with the CM/ECF filing system.

            */s/ Christopher L. Thacker*
            Christopher L. Thacker

            *Counsel for the Commonwealth of Kentucky*
            *ex rel. Daniel Cameron in his official capacity*
              *as Attorney General of Kentucky*