UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| COMMONWEALTH OF KENTUCKY, *et al.*, | ) ) ) |
| Plaintiffs, | ) )  Civil No. 3:23-cv-00007-GFVT ) |
| v. | ) )  **MEMORANDUM OPINION** |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*, | ) )  **&** )  **ORDER** ) |
| Defendants. | ) ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This Matter is before the Court on various conservation groups' Motion to Intervene. [R. 22.] The Proposed Intervenors seek to intervene in this action pursuant to Federal Rule of Civil Procedure 24 in order to "protect the integrity of streams, wetlands, and other waterways." *Id.* at 2. They seek intervention of right and by permission. *Id.* at 1. Because the Proposed Intervenors do not establish that the Defendants will inadequately represent their interests and their intervention would cause undue delay, the Motion to Intervene **[R. 22]** is **DENIED**.

**I**

This matter began when the Commonwealth of Kentucky filed suit against the United States Environmental Protection Agency, United States Army Corps of Engineers, and various officials alleging that the Agencies promulgated a Rule, the *Revised Definition of the "Waters of the United States"*, in violation of the Clean Water Act, Administrative Procedure Act, and US Constitution. [R. 1 at 2.] The Commonwealth also filed a Motion for Preliminary Injunction asking the Court to enjoin the Rule's enforcement. [R. 10.] Almost simultaneously, a group of Plaintiffs including the Kentucky Chamber of Commerce and various industry groups initiated a

separate action seeking the same relief. [R. 17.] On the parties' agreement, the Court consolidated the cases and imposed an expedited briefing schedule. [R. 9; R. 16.]

Now, a collection of Conservation Groups seek to intervene. [R. 22.] They argue that they have "a significant, protectable interest in the scope of the Clean Water Act and the ecological integrity of waters affected by the Rule" because they represent "hunters, anglers, conservationists, and outdoor enthusiasts who use and enjoy water resources." *Id.* at 5. Further, they claim this interest is "sufficiently distinct" from the Defendants' interest in the litigation to make the Defendants inadequate representatives. *Id.* at 16.

## II

Federal Rule of Civil Procedure 24 recognizes two forms of intervention: intervention of right and permissive intervention. The Proposed Intervenors seek both forms. [R. 22.] The Plaintiffs object to either form of intervention. [R. 28; R. 30.] The Defendants do not oppose permissive intervention but do oppose intervention of right. [R. 22 at 2.]

### A

Federal Rule of Civil Procedure 24(a)(2) provides that the Court must permit intervention when a non-party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). *Jansen v. City of Cincinnati* establishes the standard for determining whether a non-party is entitled to intervention of right:

> ...the proposed intervenors [must] demonstrate that the following four criteria have been met: (1) the motion to intervene is timely; (2) the proposed intervenors have a significant legal interest in the subject matter of the pending litigation; (3) the disposition of the action may impair or impede the proposed intervenors' ability to protect their legal

>interest; and (4) the parties to the litigation cannot adequately protect the proposed intervenors' interest.

904 F.2d 336, 340 (6th Cir. 1990) (citing *Triax Co. v. TRW, Inc.*, 724 F.2d 1224, 1227 (6th Cir. 1984)); *see also Grutter v. Bollinger*, 188 F.3d 394 (6th Cir. 1999); Fed. R. Civ. P. 24(a). "The proposed intervenor must prove each of the four factors; failure to meet one of the criteria will require that the motion to intervene be denied." *United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005) (quoting *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989)).

In opposition, the Private-Sector Plaintiffs only address the final element: whether an existing party will adequately defend the intervenors' interest.[1] [R. 28 at 3-5.] The Proposed Intervenors recognize that their interests are "partially aligned with those of the Agencies" but contend that they are "sufficiently distinct to make the Agencies inadequate representatives." [R. 22 at 16.] They argue that the Defendants "answer to a far broader constituency" than the Proposed Intervenors, adopted a more limited version of the rule than the Proposed Intervenors had advocated for, and that the Defendants' position on the proper scope of the Clean Waters Act has shifted over time. *Id.* The Private-Sector Plaintiffs contend that intervention is premature, that the Defendants will represent the Proposed Intervenors because they are *defending* the rule, and that the Proposed Intervenors are not opposed to the Defendants' positions under the current administration. [R. 28 at 4.] They also emphasize the "fast-moving nature of the current proceedings" and argue that additional briefing before the March 10 preliminary injunction hearing would impose a significant burden on the parties. *Id.*

The Proposed Intervenors bear the burden of showing that there is a potential for inadequate representation. *Reliastar Life Ins. Co. v. MKP Investments*, 565 Fed. App'x 369, 373 (6th Cir. 2014). Courts presume inadequate representation when the intervenor "share[s] the

---

[1] The Commonwealth adopts the Private-Sector Plaintiffs' argument in opposition to intervention. [R. 30.]

same ultimate objective as a party to the suit." *Michigan*, 424 F.3d at 444 (6th Cir. 2005). "An applicant for intervention of right 'fails to meet his burden of demonstrating inadequate representation' if he cannot show 'collusion . . . between the representatives and an opposing party,' pursuit by the representative of an interest adverse to the interests of the proposed intervenor, or a representative's failure 'in the fulfillment of his duty.'" *Reliastar*, 565 Fed. App'x at 373 (quoting *Bradley*, 828 F.2d at 1192).

Both the Defendants and the Proposed Intervenors' interest in this matter is to uphold the Rule. [*See* R. 22; R. 31.] As a result, they share the same "ultimate objective" and the Court presumes adequate representation. *Michigan*, 424 F.3d at 444. The Proposed Intervenors do not make any of the showings sufficient to overcome the presumption. They do not allege that the Defendants are colluding with any of the Plaintiffs. [*See* R. 22.] They also cannot identify any interest that the Defendants will pursue which is adverse to their own. They suggest that they represent a broader constituency and seek a more comprehensive rule than the Defendants. [R. 22 at 16-17.] Those dynamics are inapposite where, as here, proposed intervenors seek to *defend* a Rule from attack.

The Proposed Intervenors argue that they have different perspectives on whether the Rule should be more expansive, whether "waters of the United States" should be defined more broadly, and whether the Administration had the authority to take broader action. [*See* R. 22 at 16-17; R. 33 at 2-3.] But these issues are not before the Court. The issue is whether the Rule redefining "Waters of the United States" violates the Clean Water Act, Administrative Procedure Act, or the United States Constitution. [R. 1 at 2.] On this specific issue, the Proposed Intervenors show no space between their grounds for defending the Rule and the Defendants'. Accordingly, the Defendants will adequately represent their interests.

4

As the intervenors have failed to demonstrate that all four of the criteria laid out in *Jansen,* 904 F.2d at 340, intervention under Rule 24(a) is not appropriate. *See Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989). The Court need not address the remaining factors. *Id.* ("The proposed intervenor must prove each of the four factors; failure to meet one of the criteria will require that the motion to intervene be denied.")

**B**

The Proposed Intervenors also seek permissive intervention. Rule 24(b) provides that "the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24 (b)(1). Once the proposed intervenor establishes these two requirements, "the district court must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed." *Michigan*, 424 F.3d at 445 (citing *Miller*, 103 F.3d at 1248). Allowing permissive intervention is within the sound discretion of the trial judge. *Purnell*, 925 F.2d at 951. In fact, "even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied, the court may refuse to allow intervention." 7C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1913 (3d Ed. 2022).

The Court declines permissive intervention because the Defendants will adequately represent the Proposed Intervenors' interests and intervention would prejudice the parties and burden judicial economy. The Proposed Intervenors do not demonstrate any unique argument they will contribute to the litigation. Allowing them to intervene when their interests and goals are so similar to those of the Defendants would likely result in duplication of the Plaintiffs' efforts, thus resulting in undue delay. Fed. R. Civ. P. 24(b)(3).

The Court also finds that allowing intervention in this case would not serve the interests of judicial economy, another "relevant factor." *See Michigan*, 424 F.3d at 445.  This matter is scheduled for a preliminary injunction hearing on March 10.  [R. 9.]  Imposing a four-day briefing schedule to accommodate the Proposed Intervenors' position, which has been adequately presented by the Defendants, would burden the existing parties and the Court. Accordingly, the Court denies permissive intervention without prejudice.  Denial is without prejudice because the Proposed Intervenors suggest that the Defendants' position may shift with a change in Administration.  [R. 22 at 17.]  Denying the Motion to Intervene without prejudice allows the Proposed Intervenors to seek intervention again if this occurs.

Nevertheless, to the extent that the Proposed Intervenors do have a slightly different perspective from the Defendants, the Court will permit them to file a memorandum *amicus curiae* in support of their position.  *See Bradley*, 828 F.2d at 1194.  While no rule governs the issue at the district court level, it is generally accepted that the district court has discretion to permit the filing of an amicus brief.  *Michigan*, 940 F.2d at 165.  Doing so provides the Court with the benefit of hearing the Proposed Intervenors' concerns and views without risking delay and duplicative efforts.  *Id.*; *see also Blount-Hill v. Zelman*, 636 F.3d 278, 287-88 (6th Cir. 2011) (affirming denial of motion to intervene but finding that proposed intervenors "are not without a voice" because the district court permitted them to appear as *amici curiae*); *Stupak-Thrall v. Glickman*, 226 F.3d 467, 474 (6th Cir. 2000) (finding that participation through filing briefs as *amici curiae* sufficiently allowed appellants to make known their concerns and noting "that the concerns of an entity seeking intervention can be presented with complete sufficiency through such participation"); *Bradley*, 828 F.2d at 1194 (affirming denial of motions to intervene, in part

6

because "the district court has already taken steps to protect the proposed intervenors' interests by inviting [their counsel] to appear as *amicus curiae* in the case").

## III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Motion to Intervene **[R. 22]** is **DENIED WITHOUT PREJUDICE**;
2. Should the Proposed Intervenors wish to participate as *amicus curiae*, their Counsel should file a motion seeking leave to file such a memorandum, attaching the *amicus* brief as an exhibit by **5 p.m.** on **March 13, 2023**; and,
3. The Proposed Intervenors' Motion for Leave to file a consolidated response **[R. 32]** is **DENIED AS MOOT**.

This the 7th day of March, 2023.

Gregory F. Van Tatenhove
United States District Judge