UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT FRANKFORT
*Electronically filed*

| | |
|---|---|
| **COMMONWEALTH OF KENTUCKY**, *et al.*<br><br>*Plaintiffs,*<br><br>v.<br><br>**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,** *et al.*<br><br>*Defendants.* | Civil Action No. 3:23-cv-00007, consolidated with 3:23-cv-00008 |

## RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY

The Agencies provided notice that the district court issued an order in *West Virginia, et al. v. EPA*, No. 3:23-cv-32 (D.N.D.), granting the State plaintiffs' motion for a preliminary injunction against the *Revised Definition of "Waters of the United States,"* 88 Fed. Reg. 3004 (Jan. 18, 2023) ("Final Rule"). Doc. 55, PageID#2176; Doc. 55-1. The Final Rule is now enjoined in all 26 other states that have challenged it. Doc. 55-1, PageID#2221–22; Doc.46-1, PageID#2081. And the district court's logic for enjoining the Final Rule fully supports Kentucky's request for similar relief here. Because the Final Rule "will require States, landowners, and countless other effected parties to undertake expensive compliance efforts when their property may implicate navigable waters in ill-defined ways," pausing its implementation while this case is heard on appeal is warranted. Doc. 55-1, PageID#2200.

The district court concluded that the State plaintiffs have standing based on injuries to their sovereignty and the costs that must be incurred to comply with the Final Rule. Doc. 55-1, PageID#2191–92; *see* Doc. 52, PageID#2144–52 (arguing the same). And those harms from the Final Rule are irreparable. Doc. 55-1, PageID#2218; *see* Doc. 10, PageID#398–400 (arguing the same). The State plaintiffs are likely to succeed on the merits of their claims, according to the district court, because the Final Rule exceeds the Agencies' authority under the Clean Water Act. Doc. 55-1, PageID#2197–2201; *see* Doc. 10, PageID#384–93 (arguing the same). The district court also credited the State plaintiffs' arguments that the Final Rule is arbitrary and capricious, Doc. 55-1, PageID#2201–03, and poses constitutional concerns, *id.* PageID#2203–06. *See* Doc. 10, PageID#393–97 (making similar arguments). Because the balance of equities and the public interest favor staying implementation of the Final Rule, the district court found that all four factors favored the State plaintiffs' request for preliminary injunctive relief within those states. Doc. 55-1, PageID#2219–21; *see* Doc. 10, PageID#401 (arguing the same). The district court's limited injunction does not moot Kentucky's case; instead, the court's reasoning supports Kentucky's request for an injunction pending appeal.

Respectfully submitted,

**Daniel Cameron**
**ATTORNEY GENERAL**

<u>*/s/ Christopher L. Thacker*</u>
Victor B. Maddox						Office of the Attorney General
Christopher L. Thacker				700 Capital Avenue, Suite 118
Lindsey R. Keiser					Frankfort, Kentucky 40601
Harrison Gray Kilgore				Phone: (502) 696-5300
									Victor.Maddox@ky.gov
									Christopher.Thacker@ky.gov
									Lindsey.Keiser@ky.gov
									Harrison.Kilgore@ky.gov

*Counsel for the Commonwealth of Kentucky ex rel. Daniel Cameron in his official capacity as Attorney General of Kentucky*

## CERTIFICATE OF SERVICE

I certify that on April 13, 2023, the above document was filed with the CM/ECF filing system.

*/s/ Christopher L. Thacker*
Christopher L. Thacker

*Counsel for the Commonwealth of Kentucky ex rel. Daniel Cameron in his official capacity as Attorney General of Kentucky*